# IN THE SUPERIOR COURT OF GUAM

MARIA CECILIA TIU MALABANAN, )
                               )
          Plaintiff, )
                               )
          vs. )
                               )
BEN B. MALABANAN, JR., )
                               )
          Defendant. )
                               )

**DOMESTIC CASE NO. DM0709-11**

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the Honorable Judge James L. Canto II on the Plaintiff's motion to resolve temporary spousal support and child custody issues, filed May 10, 2012. Oral arguments were heard on July 6, 2012. Attorney Jeffrey A. Cook appeared on behalf of the Plaintiff and Attorney Catherine Bejerana Camacho represented the Defendant. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

In this divorce action, Plaintiff Maria Cecilia Tia Malabanan and Defendant Ben B. Malabanan, Jr. have a seventeen year old daughter. Defendant is a dentist and Plaintiff was a realtor before the parties separated in 2011. When the parties separated, Plaintiff placed her personal belongings in storage and lived with her family in the Philippines. Defendant remained in the family home in Guam and assumed temporary custody of their daughter.

Plaintiff suffers from major depression that is in relapse and her doctor attests that she is currently unable to work or seek employment. (Pl.'s Decl., "Attachment", July 3, 2012; Pl.'s Decl., "Attachment", July 5, 2012.) In 2010, the family reported almost $350,000 in annual income from Defendant's dental practice. (Pl.'s Decl., 2, Oct. 10, 2011.) This income supported a high standard of living during the marriage. *Id.* The family assets include a dental practice, real property in Hawaii and the Philippines, a hotel time share, and a multitude of



ORIGINAL

financial accounts, vehicles and personal properties. (Compl., 2, Oct. 10, 2011; Answer and Countercl., 4, Dec. 9, 2011.)

Since the separation, Defendant's monthly expenses include $3,500 for community debt, $1,500 for child care, $4,000 for living expenses, and $3,000 for travel and vacations. (Def.'s Decl., 4-5, Nov. 16, 2011.) Plaintiff's monthly expenses include $521 for community debt, $1,000 for credit card debt, $750 for rent, $300 for storage fees, and up to $980 for medical treatment or insurance after Defendant removed her from his insurance policy. (Record Log at 9:19, July 6, 2012; Pl.'s Decl., 2, July 3, 2012; Pl.'s Decl., 2, May 1, 2012.) These expenses do not necessarily include food, clothing, laundry and transportation expenses, which Plaintiff alleges to be $1,850 per month since the separation. (Defendant's Opposition, Exhibit "1", 2, June 29, 2012.) Plaintiff did not allege an amount of attorney's fees and costs as a monthly expense. *Id.*

On November 17, 2011, the parties stipulated and the Court accepted a temporary support agreement that Defendant pay $4,000 per month to Plaintiff pending divorce in order to support her prior standard of living. On May 1, 2012, Plaintiff filed the present motion for the following relief: 1) that Defendant pay $521 per month in community debt for a car loan; 2) that he pay $300 per month in storage expenses for Plaintiff's personal belongings; and 3) that he include Plaintiff in their daughter's emergency contact and authorized custodian information at school.

Defendant did not oppose the school contact and custodian issue except that Plaintiff had no local contact information, but Plaintiff now lives in Guam and can provide Defendant with local contact information. (Record Log at 9:19, July 6, 2012.) Defendant opposes additional support payments on the grounds that Plaintiff does not need more than $4,000 per month.

## DISCUSSION

Under Guam law, "[w]hen an action for dissolution of marriage is pending, the court may, in its discretion, require the husband…to pay as alimony any money necessary to enable the wife…to support herself and her children…or defend the action." 19 GCA § 8402. In order



to exercise careful discretion under Section 8402, the court should consider the economic circumstances of the parties, including their assets, incomes, earning capacities, needs, and abilities to pay. *See Cruz v. Cruz*, 2005 Guam 3 ¶¶ 9-10 (*citing Arnold v. Arnold*, 12 P.2d 435, 436 (Cal. 1932); *Sweeley v. Sweeley*, 170 P.2d 469, 470 (Cal. 1946)).

Title 19 GCA § 8402, "is based on former California Code § 137, and thus California cases interpreting section 137 are persuasive." *Cruz*, 2005 Guam 3 ¶ 9. Under former Section 137:

> "[t]he purpose of allowances to a wife for alimony pendete lite, counsel fees and court costs are to enable her to live in her accustomed manner pending the disposition of the action and to provide her with necessary funds for attorney's fees and costs to properly present her case. She is not required to first impair the capital of her separate estate."

*Whelan v. Whelan*, 197 P.2d 361, 362-363 (Cal. Ct. App. 1948) (internal citations omitted).

In order to preserve each separate estate pending divorce, the central inquiry in an award of temporary support under former Section 137 was whether a spouse had sufficient income or comparable assets in order to live in an accustomed manner and to pay attorney fees and costs.[1]

In this case, it is clear that Defendant has a significantly greater earning capacity than Plaintiff who cannot obtain employment pending divorce based upon her medical condition. Defendant earns nearly $350,000 per year while Plaintiff earns nothing. Defendant controls a majority of the community property, has a greater ability to pay than Plaintiff, and he is responsible for the custody and support of their daughter. In consideration of these

---

[1] *See e.g. Sweeley*, 170 P.2d 469 (support denied to spouse with no income but substantial cash on hand from her sale of husband's separate real property); *Falk v. Falk*, 120 P.2d 724, 728-729 (Cal. Ct. App. 1941) (support upheld to spouse whose expenses exceed income and who cannot work due to illness); *Spreckles v. Spreckles*, 244 P.2d 917, 920 (Cal. Ct. App. 1952) (support to live in accustomed manner denied to spouse whose income and expenses are equal, but support awarded for the attorney fees and costs that exceed income); *Forrest v. Forrest*, 271 P.2d 70, 72-73 (Cal. Ct. App. 1954) (support denied to spouse who lived on her own for five years prior to divorce action and whose husband has no income); *Westphal v. Westphal*, 10 P.2d 119, 121 (Cal. Ct. App. 1932) (support upheld to spouse whose expenses exceed income); *Loeb v. Loeb*, 190 P.2d 246, 249-252 (Cal. Ct. App. 1948) (support denied to spouse whose income exceeds expenses); *Howton v. Howton*, 124 P.2d 837, 838-839 (Cal. Ct. App. 1942) (support of wife upheld where her expenses exceed income and husband's income exceeds expenses).

ORIGINAL

circumstances and according to the stipulation of the parties, the Court ordered Defendant to pay Plaintiff $4,000 per month as temporary spousal support *pendente lite*.

Each month Plaintiff spends $521 for car payments, $300 for storage fees, $1,000 for credit payments, $750 for rent, up to $980 for medical treatment and up to $1,850 for food, clothing, laundry and transportation. These expenses total up to $5,401 each month and the current amount of $4,000 in temporary spousal support is not adequate to pay for all of Plaintiff's expenses pending trial. Additional support is necessary to preserve Plaintiff's separate property while she lives in her accustomed manner and pays attorney's fees and costs. *See* discussion *supra*. Furthermore, Defendant's income is greater than his expenses and he has the ability to pay spousal support. On these grounds, the Court shall grant Plaintiff's May 10, 2012 motion for Defendant to pay for the car loan and storage expenses. Therefore, the Court shall order the Defendant to pay $521 per month for car payments and $300 per month for storage fees in addition to the stipulated amount of $4,000 per month in temporary spousal support *pendente lite* and effective from the date of Plaintiff's motion.

///

///

///

## CONCLUSION

Based upon the foregoing, the Plaintiff's motion for spousal support is hereby GRANTED and the Defendant is hereby ORDERED to pay $4,821 per month to Plaintiff *pendente lite* pursuant to 19 GCA § 8402.

**SO ORDERED this** _____14th_____ **day of September, 2012,** *nunc pro tunc* **to May 1, 2012.**

**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**



ORIGINAL

Page 4 of 4